CREIGHTON NATIONAL BANK, APPELLANT, v. KNOX COUNTY
ET AL., APPELLEES.

FILED MAY 17, 1922. No. 21934.

1. **Taxation:** BANKS: SHARES OF STOCK. "The tax contemplated
by section 6343, Rev. St. 1913, as amended, Laws 1915, ch. 108, re-
lating to the taxation of banking corporations, is a tax upon
shares of stock in the hands of stockholders, and is not a tax upon
the property of the corporation." *State v. First Nat. Bank*, 103
Neb. 280, followed.

2. ——: ——: ——. In making an assessment upon the
shares of stock in the hands of the stockholders for purposes of
taxation, as provided in section 6343, Rev. St. 1913, as amended,
Laws 1915, ch. 108, the assessor should not deduct from the total
value of the shares mortgage securities held by the banking cor-
poration upon which the mortgagor has agreed to pay any tax
which may be levied against the mortgage or the debt secured
thereby.

3. **Constitutional Law:** TAXATION: BANK STOCK. The levying of
a tax in such case does not impair the obligation of the contract as
between the mortgagor and the mortgagee.

APPEAL from the district court for Knox county: ANSON
A. WELCH, JUDGE. *Affirmed.*

*W. A. Meserve* and *J. F. Green,* for appellant.

*P. H. Peterson, contra.*

Heard before MORRISSEY, C. J., DEAN, ALDRICH and DAY,
JJ.

DAY, J.

On April 1, 1915, the Creighton National Bank of Creigh-
ton, Nebraska, made a return to the assessor of Knox
county for the purpose of fixing a value for taxation upon
the shares of its capital stock. The schedule showed that
the capital stock was $25,000, divided into 250 shares of
$100 each, surplus, $8,500, and undivided profits of $698.26,
making a total book value of its shares of $34,198.26.

It was the claim of the bank that it was entitled to de-

duct from this aggregate amount the sum of $12,900, because the bank held on April 1, as a part of its assets, notes secured by mortgages on real estate in this amount, in which the mortgagors agreed to pay the amount of any taxes which might be levied upon the debt secured by the mortgages. The assessor refused to make any deduction on account of this claim by the bank. An appeal was taken to the county board of equalization, where the board also refused to make the deduction. The bank then took an appeal to the district court, the case being docket No. 3793. Nothing was done in the case until 1919, when it was consolidated with another case between the same parties, and involving the same legal questions.

It also appears that the bank made a similar return to the assessor for the year 1918. In that schedule the capital stock, surplus, and undivided profits amounted in the aggregate to the sum of $40,207.43. At that time it was the claim of the bank that among its assets were notes secured by real estate mortgages aggregating $22,789, in which the mortgagors agreed to pay any tax which might be levied upon the debt secured by such mortgages, and also that it held $8,200 of liberty bonds. The bank contended that the amount of these mortgages and the liberty bonds should be deducted from the total assets for the purpose of ascertaining the taxable value of the shares of its capital stock. The same process was had before the assessor and the board of equalization as was had in the assessment for the year 1915, and it resulted adversely to the bank's claim. An appeal was likewise taken to the district court to review the assessment for the year 1918. The two cases were consolidated.

Upon the trial the district court affirmed the assessment made by the board of equalization. From this judgment the plaintiff appeals.

We think the legal questions presented on this appeal have been settled by the decisions of this court in *Nemaha County Bank v. County Board,* 103 Neb. 53, and *State v. First Nat. Bank,* 103 Neb. 280. In the *Nemaha County*

*Bank* case, as in the case at bar; it was contended that the amount of certain mortgages owned by the bank, in which the mortgagors agreed to pay the taxes, should be deducted from the total value of the shares of stock for the purpose of determining the value of the shares for taxation. Iu that case section 6343, Rev. St. 1913, as amended, Laws 1915, ch. 108, was construed, and it was held that such mortgage securities should not be deducted from the total valuation of the shares of capital stock in arriving at the valuation of each share for taxation.

The case of *State v. First Nat. Bank*, 103 Neb. 280, presented the question whether certain liberty bonds owned by the bank, and admittedly tax exempt, should be deducted from the total value of the shares of stock for the purpose of determining the value of the shares of stock in the hands of the stockholders for taxation, and it was held that the bonds could not be deducted. In that case the court reviewed section 6343, Rev. St. 1913, as amended, Laws 1915, ch. 108 (not necessary to be here set out), and held that the tax contemplated by that section of the statute is a tax upon the shares of stock in the hands of the stockholders, and is not a tax upon the property or assets of the banking corporation. It was clearly pointed out that the shares of stock of the corporation are a distinct entity from the property or assets of the corporation itself.

We are satisfied with the reasoning of these cases, and the construction placed upon section 6343, Rev. St. 1912, as amended, Laws 1915, ch. 108, and are not inclined to disturb the rule therein announced.

The argument is made that the bank became the owner of a part of the mortgages before the amendment of 1915 to section 6343, Rev. St. 1913, became operative, and that the effect of the amendment, if literally enforced, is to impair the obligations of the bank's contracts. The argument is founded on a wrong premise. It assumes that the stockholders are the owners of the mortgages, when in fact the banking corporation, a distinct entity, is the owner. The contract between the bank and the several

mortgagors is not disturbed. The stockholders whose shares are being taxed have no contract relation with the mortgagors.

We conclude that in laying a tax upon the shares of stock in the hands of the stockholders the taxing authorities were not required to deduct the value of the mortgages owned by the bank in which the mortgagors agreed to pay the taxes which might be laid against the debt secured by the mortgages.

The judgment of the district court is

AFFIRMED.