J. B. KELKENNY REALTY COMPANY, APPELLEE, V. DOUGLAS COUNTY, APPELLANT.

FILED APRIL 13, 1928. No. 26414.

W. W. Slabaugh and Henry J. Beall, for appellant.

James B. Kelkenny and Milton R. Abrahams, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, THOMP-SON and HOWELL, JJ., and REDICK, District Judge.

REDICK, District Judge.

This is an appeal from a judgment of the district court reversing a decision of the board of equalization of Douglas county fixing the value of stock of a corporation for purposes of taxation. The J. B. Kelkenny Realty Company, a corporation, returned its schedule for 1927 personal tax assessment, listing its paid-up capital stock, surplus and undivided profits at $150,000, divided as follows:

| | |
|---|---|
| Real estate in Douglas county | $69,245.00 |
| Real estate mortgages in Douglas county | 75,100.00 |
| Building and loan association stock | 5,000.00 |
| Cash on hand | 655.00 |
| Total | $150,000.00 |

The corporation deducted from such total the assessed value of the real estate, $69,245, and the value of the real estate mortgages, $75,100, claiming that the remainder of the total sum was all that was subject to assessment. The board of equalization restored the item of mortgages, $75,100, but on appeal the district court reversed the board and held that the mortgage item was deductible; to review this ruling of the district court the county appeals.

It is conceded that the corporation is not a banking association, loan and trust or investment company; it is further admitted that all of the mortgages of the company contain a clause that the mortgagor should pay all taxes levied upon the mortgage. The proper solution of the

question presented depends upon the construction of section 1, ch. 169, Laws 1927, which went into effect April 1 of that year. The act provided a scheme for the assessment of intangible property and divided the same into two classes, A and B, the shares of stock of domestic corporations being placed in class B, and provided for assessment as follows:

"All intangible property in class B shall be taxed where said intangible property is assessed at the rate of five mills on the dollar of the actual value thereof, the same to be assessed and collected where the owner resides. Provided, that the value of the shares of stock of corporations organized under the laws of this state shall be determined for the purpose of this section by deducting from the actual value of the paid-up capital stock, surplus and undivided profits of such corporation available for stock dividends, the assessed value of the property of the corporation, both intangible and tangible, listed and taxed in this state and the actual value of the property of the corporation outside of this state."

By section 5951, Comp. St. 1922, it is provided:

"For the purpose of assessment and taxation, a mortgage on real estate in this state is hereby declared to be an interest therein. The amount and value of any mortgage upon real estate in this state when taxable to the mortgagee shall be assessed and taxed to the mortgagee or his assigns, and the taxes levied thereon shall be a lien on the mortgage interest. The value of the real estate in excess of any mortgages taxable to and taxed to the mortgagee shall be assessed and taxed to the mortgagor or owner."

And by section 5952, Comp. St. 1922, it is provided:

"When any mortgage contains a condition that the mortgagor shall pay the tax levied upon the mortgage or debt secured thereby, the mortgage shall not be entered for separate assessment and taxation, but both interests shall be assessed and taxed to the mortgagor or owner of the real estate."

Prior to 1915 the two provisions last quoted were construed by this court, and, in view of the fact that a mortgage upon real estate was declared by the statute to be an interest therein, it was held, for the purpose of arriving at the value of the shares of stock of a corporation, that the amount of the mortgages held should be deducted from the total value of the capital stock, regardless of the fact whether the mortgagee or mortgagor paid the taxes upon the mortgage. *First Trust Co. v. Lancaster County,* 93 Neb. 792; *State Bank v. Seward County,* 95 Neb. 665. The statute as it existed at the time of these decisions, and shortly thereafter, was amended in 1915 (Laws 1915, ch. 108), since which time it has been uniformly held by this court that mortgages containing a clause requiring the mortgagor to pay taxes assessed upon the mortgage may not be deducted in determining the value for taxation of the shares of stock of the corporation. *Nemaha County Bank v. County Board,* 103 Neb. 53; *Creighton Nat. Bank v. Knox County,* 108 Neb. 610.

In the *Nemaha County Bank* case, *supra,* it was said by Cornish, Justice: "When, as in the instant case, no attempt is made to tax the bank or shareholders on the securities, no deduction should be made, and the action of the taxing authorities in Nemaha county should be upheld.

"If it is contended that, equitably considered, the owners of the shares are the owners and proprietors of the bank, and that not to make the deduction amounts to double taxation, since the valuation of the shares includes the mortgages assessed to the mortgagor, it must be answered that, if this is double taxation, then such taxation is common. The two interests represent separate property rights and therefore each is taxable. This was always the rule until the mortgage tax law was enacted. It is the rule today, if the owner of a farm has given only a note for the remainder due upon it. A chattel mortgage is taxed against the holder and the mortgaged chattel against the owner. The farmer's implement is taxed against him and what he owes on it is taxed against the implement dealer.

The owner of a bunch of fat hogs must pay taxes on their full value, even though he could show that the corn which fattened them was purchased from a neighbor, who had paid his taxes upon the corn. Objectionable double taxation occurs when the property assessed is overvalued."

Recurring now to the act of 1927, we are to inquire if there is anything in its provisions requiring the adoption of a different rule than that laid down in the two cases last cited. This act was not amendatory; it is complete in itself, and repealed all prior acts on the same subject. What is meant by the words "the assessed value of the property of the corporation, both intangible and tangible, listed and taxed in this state?" It is the contention of appellee that, when the land and the mortgage are taxed together, the mortgage interest has been listed and taxed in this state, and therefore comes within the terms of the statute and should be deducted. It seems to us, however, that this construction leaves out of view the purpose of the legislature, apparent upon the face of the act and deducible from its language, viz., to protect the corporation and shareholders, in the assessment of the capital stock, from being taxed twice upon its property; and where it appears that such double taxation will result unless deduction is made, it will be allowed. Such was the situation in *City Trust · Co. v. Douglas County,* 101 Neb. 792, where the mortgagee was required to pay the tax upon the mortgage interest, and the deduction was allowed. In that case the mortgagors had not agreed to pay the taxes upon the mortgages, and the trust company was compelled to pay them, and the deduction was held proper. In the opinion it was said by Letton, J., page 795:

"Where the mortgagor agrees to pay the tax a different condition may arise if the individual mortgage owner is assessed at his place of residence on the value of the mortgage he holds. In such a case, if the corporation is under no duty to return its mortgages for taxation, there would seem to be a discrimination in its favor, though this is not before us and we do not so decide."

In view of the purpose of the act as above stated, we think that the only property which can be deducted in arriving at the value of the shares of stock is that property upon which the corporation has paid or is required to pay the tax. The language is "assessed value of the property of the corporation, * * * listed and taxed in this state." This unquestionably means listed and taxed to the corporation. We cannot think, and the language of the statute does not require us to hold, that it was the intention of the legislature to allow a deduction of the value of property upon which the corporation was not otherwise taxed. Any other construction would, in many cases, result in the exemption from taxation of many holders of valuable stock in domestic corporations, upon which they receive regular dividends; for example, the holders of stock in a corporation whose entire assets consisted of real estate mortgages containing a clause that the mortgagor should pay the taxes upon the mortgage interest would escape taxation upon a very valuable species of property. This would be contrary to the provision of section 5820, Comp. St. 1922, that—"All property in this state, not expressly exempt therefrom, shall be subject to taxation." The construction we have adopted does not subject the corporation or the shareholder to double taxation—the corporation, because it has paid no taxes on the mortgage; and the shareholder, because he is only taxed upon the actual value of the shares of stock. The mortgagor probably received his compensation in a reduced rate of interest as a consequence of his agreement to pay the taxes on the mortgage, but this question is not before us. We are constrained to hold that the learned district court erred in holding that the mortgages in the amount of $75,100 should be deducted from the full value of the shares. The judgment of the district court is reversed and cause remanded, with directions to confirm the assessment as made by the board of equalization.

REVERSED.