CITY TRUST COMPANY OF OMAHA ET AL., APPELLANTS, V. DOUGLAS COUNTY ET AL., APPELLEES.

FILED NOVEMBER 17, 1917.    No. 19606.

1. **Taxation**: CONSTITUTIONAL PROVISION. By the first clause or division of section 1, art. IX, of the Constitution, the public revenues are required to be provided by the levying of a tax by valuation, "so that every person and corporation shall pay a tax in proportion to the value of his, her or its property and franchises."

2. ———: UNIFORMITY. The rule of uniformity therein prescribed inhibits the legislature from discrimination between taxpayers in any manner whatever.

3. ———: MORTGAGES: WHERE TAXED. Where the mortgagor of real estate has not agreed to pay the taxes assessed upon the mortgage interest (which section 6349, Rev. St. 1913, declares to be an interest in real estate), individual and corporation holders of mortgages alike must pay taxes upon mortgages held by them respectively in the county in which the mortgaged land lies. Since discrimination between taxpayers is not permitted in taxation by valuation, neither an individual nor a corporate holder of such mortgages is subject to assessment or taxation of the mortgages in the county of his or its residence or domicile.

4. ———: ASSESSMENT: SHARES OF STOCK: DOMESTIC COMPANIES. Construing section 6313, Rev. St. 1913, which provides that a person is required to list as personal property "shares of joint stock or other companies, when the capital stock of such company is not assessed in this state," it is *held*, that this does not require the listing and assessment by the holder of shares of a domestic corporation when its capital stock is assessed in the state.

5. ———: ———: ———: ———. Since under the provision of the Constitution before mentioned the same rule must be applied to corporations as to individuals, with respect to taxation by valuation, neither an individual nor a corporation is compelled to list for taxation shares of such domestic corporations owned by either of them, and if the value of such shares has been included in the valuation of the capital stock of a trust company it is entitled to have such value deducted in determining the actual value of such stock for the purpose of taxation.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Reversed, with directions.*

*McGilton, Gaines & Smith,* for appellants.

*George A. Magney, Ray J. Abbott* and *J. M. Fitzgerald,* contra.

LETTON, J.

The board of equalization of Douglas county fixed the valuation of the capital stock of the City Trust Company, a corporation, for the purpose of assessment at $318,120. On appeal by the corporation and by O. C. Redick and W. G. Silver, stockholders, the district court set aside this valuation and found that the capital stock should be valued for assessment purposes in the sum of $208,120, being divided into 2,000 shares. The City Trust Company and the stockholders named appeal from this judgment.

The evidence shows that among the assets of the City Trust Company are included $39,500 of real estate mortgages upon land in Nebraska, and 865 shares of stock in a corporation known as the City National Bank Building Company worth from $110,000 to $115,000. The appellants insist that the $39,500 invested in Nebraska mortgages and the $110,000 to $115,000 stock in the City National Bank Building Company should be deducted from the value of its capital stock for the purpose of assessment. They argue that the Constitution of the state requires that every person or corporation shall be assessed and taxed in proportion to the value of his, her or its property and franchises; that there can be no discrimination between a corporation and an individual; that a trust company must list its property the same as an individual and it must be valued as though owned by an individual. It is then argued that since real estate mortgages, under section 6349, Rev. St. 1913, are declared to be interests in real estate, and the amount and value of mortgages on real estate is assessed and taxed to the mortgagee or his assigns, an investment in real estate mortgages cannot be considered in determining the value of capital stock, as, otherwise, there would be double taxation and a violation of the provisions of the Constitution. The record fails to show that the owner of the mortgaged land has agreed

to pay the taxes upon the mortgage interests, and the mortgages are properly taxable to the corporation or individual holding the same.

Under the former system in this state, if either an individual or a corporation loaned money upon a farm, the fact that the owner was indebted and that that indebtedness was secured by a mortgage on the farm was not taken into consideration. A farm worth $20,000 might be incumbered for $10,000, yet the owner of the land was required to pay a tax upon the entire value of the land, while the owner of the mortgage, whether a person or a corporation, if a resident of Nebraska, was required to return for assessment the amount of his investment in the mortgage. The taxing body, therefore, imposed taxation to the amount of $30,000, although there was only $20,000 of actual value in the farm. This was believed to be unjust, and in 1911 the legislature enacted chapter 105, Laws 1911, providing that mortgages on real estate in this state should be considered an interest in the land to the extent of the debt for the purpose of taxation, and should be assessed to the mortgagee (unless the mortgagor agreed in the mortgage to pay the tax thereon), and the remaining value of the land be assessed to the title holder. In *First Trust Co. v. Lancaster County*, 93 Neb. 792, construing this law, together with section 56 of the revenue act (Comp. St. 1911, ch. 77, art. I), which provided: "Whenever any such bank, association or company shall have acquired real estate or other tangible property which is assessed separately, the assessed value of such real estate or tangible property shall be deducted from the valuation of the capital stock of such association or company"—it was held that such mortgages, being "assessed separately," fell within the provisions of this section and should be deducted from the value of the capital stock.

After the holding in the *First Trust Company* case, the legislature of 1915 amended this section. Laws 1915, ch. 108. The principal change made was the addition of the following proviso: "Provided mortgages, trust deeds and all other liens or interests in real estate less than a fee

title and held as security for loans shall not be considered or assessed as part of the capital stock for purposes of taxation, and shall not be deducted from the capital, surplus or undivided profits."

Under section 1, art. IX of the Constitution, each person and corporation shall pay a tax in proportion to the value of the property owned by each, but the value is to be ascertained in such manner as the legislature shall direct. The property of individuals is valued and assessed directly, but the property of such corporations, except that which is separately assessed, is taxed indirectly by finding the value of each share of stock, requiring the corporation to pay the tax on the shares, and giving it a lien on the stock for the taxes paid. Rev. St. 1913, sec. 6343; Laws 1915, ch. 108. The result is the same as if the property of the corporation was directly assessed. Where the mortgagor has not agreed to pay the tax, the mortgage owner, whether corporation or individual, is compelled to pay it where the land lies. If the individual cannot be taxed at his place of residence on the value of the mortgages in his hands, neither can the corporation or its stockholders.

The provision is that mortgages "held as security for loans shall not be considered or assessed as part of the capital stock." It is also required that they "shall not be deducted from the capital, surplus or undivided profits;" that is, mortgages shall not be included as part of the capital stock and shall not be deducted from the capital. If not included, how can they be deducted? If not to be *considered or assessed,* then the $39,500 of mortgages returned should have been excluded from consideration by the assessor, the board of equalization, and the district court, and the value of the capital stock reduced accordingly. This, in the case of mortgages where the mortgagor has not agreed to pay the tax, puts individual and corporation mortgage holders on a parity and each pays in proportion to the value of his or its property. Where the mortgagor agrees to pay the tax a different condition may arise if the individual mortgage owner is assessed at his place of residence on the value of the mortgage he holds.

In such a case, if the corporation is under no duty to return its mortgages for taxation, there would seem to be a discrimination in its favor, though this is not before us and we do not so decide. As to mortgages which do not contain such an agreement, the amendment does not change the actual result.

Should the value of the capital stock in the corporation which owns and holds the City National Bank building also be deducted?

Section 6313, Rev. St. 1913, provides, in substance, that each person must list, among other items of personal property, "moneys, credits, bonds, or stocks, shares of joint stock or other companies, *when the capital stock of such company is not assessed in this state.*" Section 6314 requires that the capital stock of corporations "shall be listed and taxed in the county, precinct, township, city or village, and school district where the principal office or place of business of such corporation or person is located within this state." This tax is assessed and collected in the same manner as specified for banking corporations by requiring the corporation to pay the tax upon the shares. *State v. Fleming*, 70 Neb. 529. Such shares in the hands of individuals may not again be assessed and taxed, and since like treatment must be accorded to corporations, such shares are not assessable or taxable in the hands of a corporation. Having once been taxed, their value should be deducted from the value of the capital stock.

Since the recent amendments, the statutory provisions are confused and hard to construe; but, bearing in mind the fundamental provision that each individual and corporation when taxed under the first provision of section 1, art. IX of the Constitution, must pay a tax by valuation in proportion to the value of their respective properties that construction should be adopted which places all upon the same plane. To require more than this is both unlawful and unjust. To construe the law as contended for by the defendant would make it discriminatory and violative of the Constitution. *State v. Poynter*, 59 Neb. 417, 429, 430. The assessment should be reduced as indicated.

What has been said with reference to equality in the taxation of corporations and individuals has no reference to taxes which may be imposed upon corporations under the second provision of section 1, art. IX, Const. As to such taxes uniformity as to the class taxed is the sole requisite.

The judgment of the district court is reversed and the cause remanded, with directions to allow the deductions of the value of the mortgages and of the shares of stock.

REVERSED.

HAMER, J., not sitting.