PETERS TRUST COMPANY, APPELLANT, V. DOUGLAS COUNTY, APPELLEE.

FILED MAY 23, 1925. No. 24184.

1. **Taxation:** SHARES OF STOCK OF DOMESTIC CORPORATIONS. "Since under the provisions of the Constitution * * * the same rule must be applied to corporations as to individuals, with respect to taxation by valuation, neither an individual nor a corporation is compelled to list for taxation shares of such domestic corporations owned by either of them, and if the value of such shares has been included in the valuation of the capital stock of a trust company it is entitled to have such value deducted in determining the actual value of such stock for the purpose of taxation." *City Trust Co. v. Douglas County*, 101 Neb. 792.

2. ———: DOUBLE TAXATION. It is the settled policy of our law to guard against double taxation in all cases where the same can be avoided.

3. ———: CORPORATE STOCK. Since the state cannot directly tax property permanently located in another state, it cannot do so indirectly by taxing capital stock of the corporation owning the same without deduction for the enhancement which the value of such property gives to the value of such stock; for this would be not only double taxation, but a taking of private property without due process of law, and as such violative of the Fourteenth Amendment of the federal Constitution.

APPEAL from the district court for Douglas county: JAMES M. FITZGERALD, JUDGE. *Reversed, with directions.*

*Stout, Rose, Wells & Martin*, for appellant.

*W. W. Slabaugh* and *Henry J. Beal, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY and THOMPSON, JJ., REDICK and SHEPHERD, District Judges.

SHEPHERD, District Judge.

This case was decided adversely to the Peters Trust Company on demurrer in the district court, and the company is here as the appellant. The facts are as follows:

The trust company made a statement for the 1921 assessment, showing the total of its capital and surplus to be $650,000; and it claimed, so far as is now maintained, two deductions, one for the assessed value of real estate owned by it in the sum of $59,357.52, and another in the sum of $227,915.89 for capital stock of the Keystone investment

Company, a Nebraska corporation, owned by the company and representing a ninety-nine year leasehold interest in the Bee building property (the assessed valuation of such real estate being greater than the deduction claimed). Upon hearing duly had before the board of equalization, the latter allowed only a deduction for the assessed value of the company's real estate in Nebraska, $17,851.59. Thereupon the company appealed to the district court and filed the petition to which demurrer was sustained.

Was the appellant, the Peters Trust Company, entitled to have the assessed valuation of its real property outside of the state deducted as well as the assessed value of its real property within the state? This is the first question. The statute which applies is section 6343, Rev. St. 1913, as amended by chapter 162, Laws 1919. It simply says on this point that, whenever any such company shall have acquired real estate which is assessed separately, the assessed value of such real estate shall be deducted from the valuation of the capital stock of the company. It appears by the petition, the allegations of which are admitted by the demurrer, that the real estate outside of Nebraska was assessed, and that the company is demanding the deduction of the assessment value.

It is the settled policy of our law to guard against double taxation, even though such taxation be not unconstitutional. *Citizens State Bank v. Board of Equalization,* 110 Neb. 704. If the assessed value of the property in question is not deducted, and the capital stock is also assessed at full face value, there will be double assessment and double taxation. Double taxation is condemned by the law of Nebraska in all cases where it can be avoided. *First Trust Co. v. Lancaster County,* 93 Neb. 792; *Nemaha County Bank v. County Board,* 103 Neb. 53. Again, since the state cannot directly tax property permanently located in another state, it cannot do so indirectly by taxing the capital stock of the corporation owning the same without deduction for the enhancement which the value of such property gives to the value of such stock; for this would be not only double taxa-

tion, but a taking of private property without due process of law, and as such violative of the Fourteenth Amendment of the federal Constitution. *Delaware, L. & W. R. Co. v. Pennsylvania*, 198 U. S. 341, 19 Rose's Notes, 467. The real estate deduction prayed for should have been allowed, and the refusal of the district court and of the board of equalization to grant the same was erroneous.

The second question is whether or not the capital stock of the Keystone Investment Company should have been deducted. It appears that the appellant had invested $181,000 in the purchase of this stock in order that it might acquire leasehold of the Bee building, and that it had expended the further sum of $46,915.89 in improving the said real estate, making the total of $227,915.89, for which the right of deduction is claimed by the appellant. It is to be remembered, too, that said real estate, the Bee building, was otherwise assessed, and that the assessed valuation of the same for the year in question exceeded the amount of $227,915.89. In this there is also a feature of double taxation.

We think that the comparatively recent case upon which the appellant depends, *City Trust Company v. Douglas County*, 101 Neb. 792, is decisive of the matter. In that case the question was whether the City Trust Company should be permitted to deduct the value of the capital stock of the City National Bank Building Company, owned by it. The court announced the rule as follows.

"Since under the provision of the Constitution before mentioned the same rule must be applied to corporations as to individuals, with respect to taxation by valuation, neither an individual nor a corporation is compelled to list for taxation shares of such domestic corporations owned by either of them, and if the value of such shares has been included in the valuation of the capital stock of a trust company it is entitled to have such value deducted in determining the actual value of such stock for the purpose of taxation."

The case was decided upon the theory that double taxa-

tion and taxation which is discriminatory and violative of the constitutional rule of uniformity are to be condemned. It is probably true that contrary holdings upon the same facts may be found in other states, but the law expressed in the case cited is the law of Nebraska, and is to be applied in the case at bar.

The judgment of the district court is reversed and the case is remanded, with instructions that a deduction of $227,915.89 be made on account of the stock of the Keystone Investment Company, and an additional reduction of $41,515.93 on account of real estate.

REVERSED, WITH DIRECTIONS.

Note—See Taxation, 37 Cyc. 752, 1028, 1033.