FIRST NATIONAL BANK & TRUST COMPANY OF LINCOLN (FORMERLY THE CONTINENTAL NATIONAL BANK & TRUST COMPANY), A CORPORATION, APPELLANT, V. COUNTY OF LANCASTER ET AL., APPELLEES.

128 N. W. 2d 820

Filed June 12, 1964. No. 35668.

Mason, Knudsen, Dickeson & Berkheimer, for appellant.

Clarence A. H. Meyer, Attorney General, Homer G. Hamilton, Paul L. Douglas, Ralph D. Nelson, and Willis R. Hecht, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

Section 77-706, R. R. S. 1943, grants a domestic corporation a deduction of the value of the shares of stock owned by it in other Nebraska corporations, domestic or domesticated, in computing the value of its shares for intangible tax purposes. Section 77-709, R. R. S. 1943, dealing with the taxation of the stock of the plaintiff bank allows no such exemption for a bank in the method of valuation of its stock. The rate of tax under both statutes is the same, four mills. The question in this case is whether the statute requiring the bank to pay taxes on the value of its stock in a subsidiary corporation is in violation of the tax uniformity provision of the Constitution of Nebraska.

On March 1, 1957, plaintiff bank owned all of the capital stock of the Continental Building Corporation, a Nebraska corporation. The building corporation stock had a value of not less than $939,000. This stock and all of the building corporation stock and property, both tangible and intangible, real and personal, was listed and taxed in Nebraska and Lancaster County. The tax

on the real estate owned by the Continental Building Corporation was $6,587.33. The plaintiff bank listed the value of this subsidiary stock of the Continental Building Corporation in its tax return, pursuant to the provisions of section 77-709, R. R. S. 1943, which allows no exemption for such stock. Thus, the building corporation was taxed on all of its property and capital stock under the law, and the parent bank, in turn, then paid a tax of four mills (the rate applicable to all corporations) on the value of the same property. A general domestic business corporation in the same situation could have deducted the full $939,000 stock valuation of the subsidiary company under the provisions of section 77-706, R. R. S. 1943. The tax levied, assessed, and paid on the parent plaintiff bank's stock was increased by the amount of $3,-756 because of the inclusion of the valuation of the subsidiary Continental Building Corporation stock. The bank sues for a refund of the tax paid under the appropriate section of the statute, asserting that section 77-709, R. R. S. 1943, requiring the tax on valuation of the capital stock as set out above, is unconstitutional and in violation of Article VIII, section 1, of the Constitution of Nebraska.

The district court sustained demurrers to the plaintiff's causes of action against the various state subdivisions receiving their statutory apportionment of the whole tax and dismissed the plaintiff bank's petition. Plaintiff bank appeals.

Article VIII, section 1, of the Constitution of Nebraska, provided with respect to intangible property: "Taxes uniform as to class may be levied as to valuation upon all other property."

With reference to the deduction in question, is there some rational difference between a bank corporation and a general business corporation, as it relates to the purpose of the deduction, that would justify treating them differently, that is, putting them in different classes? We think not. Our court has spoken decisively that

different rates of tax may not be levied as between bank stock and the stock of other business corporations. In State ex rel. Spillman v. Ord State Bank, 117 Neb. 189, 220 N. W. 265, this court held that endeavoring to tax shares of stock in banks at 70 per cent of the mill rate levied on tangible property and taxing shares of other corporations at five mills on the dollar violated the uniformity requirement of Article VIII, section 1, of the Constitution of Nebraska. More recently, in Omaha National Bank v. Heintze, 159 Neb. 520, 67 N. W. 2d 753, the Legislature had reduced the mill levy on business corporations from eight mills to four mills. No reduction was made as to the rate that bank stock was to be taxed. The bank stock mill levy was left at eight mills. The court held the tax on bank stock unconstitutional as to the amount above four mills and said: "The statutes as they now read provide for a tax on corporate stock generally at the rate of four mills on the dollar and a tax of eight mills on the dollar on bank stock. We are here concerned specifically with that situation. This is the legislative situation which we had in State ex rel. Spillman v. Ord State Bank, supra. We there held that a tax on the bank stock in excess of the tax on the shares of corporate stock generally was an invalid tax. This decision rests on the constitutional requirement of uniformity as to class." Thus, we have in Nebraska two clear-cut holdings that stock in a bank falls within the same class of intangible property as stock in business corporations for tax purposes. Tax uniformity is required. These holdings deal clearly with differential rates. The statute allowing the deduction in one case and not allowing it to the bank deals with two different methods of valuation. In fixing valuation of its stock the bank is not allowed the deduction all other corporations are. We see no difference in principle. The requirement as to uniformity must extend to both rate and valuation, otherwise the constitutional mandate would be meaningless and the Legislature could avoid

it at will by arbitrarily setting different methods of valuation or discriminating as to allowable deductions, the purpose of which is not rationally related to any necessary distinction that must be made to establish a uniform valuation. In Homan v. Board of Equalization, 141 Neb. 400, 3 N. W. 2d 650, this court had before it the statute which set out certain enumerated factors to be considered in arriving at the value of real estate. These factors were not mentioned in the statute dealing with valuation of other property. In holding the real estate valuation scheme invalid, the court said: "We conclude therefore that the establishment of the two methods of valuation of property in the same class for taxation purposes results in a want of uniformity prohibited by section 1, art. VIII of the Constitution."

The principle announced in the above case is clearly applicable. However, it should be pointed out further that what we are dealing with here is not really two different methods of valuation of stock devised because of the different character or nature of the stock that might warrant some different formula or measure relating to the inherent difference between a bank and other corporations. We are simply dealing with an arbitrary deduction from computation of valuation of the parent corporation, of stock in other corporations which value in the subsidiary corporation is fixed uniformly under the law. The granting of this deduction is simply, in effect, a device for changing the rate of tax, that has no relation to the method of fixing the value of the stock of the subsidiary corporation.

Appellees argue at length, citing cases from other jurisdictions, that bank stocks and banks may be classified separately for some tax purposes. Conceding this general proposition to be true, our court has clearly held that rates and results of valuation method must be uniform. The legislative purpose in allowing the deduction is apparent and well established. It is to prevent the injustice of double taxation. City Trust Co. v.

Douglas County, 101 Neb. 792, 165 N. W. 155; Peters Trust Co. v. Douglas County, 113 Neb. 596, 203 N. W. 1001. In Peters Trust Co. v. Douglas County, *supra,* a trust company sought the deduction for stock in Keystone Investment Company, a Nebraska corporation, whose stock the trust company owned. The court, in allowing the deduction, said: "We think that the comparatively recent case upon which the appellant depends, City Trust Company v. Douglas County, 101 Neb. 792, is decisive of the matter. In that case the question was whether the City Trust Company should be permitted to deduct the value of the capital stock of the City National Bank Building Company, owned by it. The court announced the rule as follows. * * * 'Since under the provision of the Constitution before mentioned the same rule must be applied to corporations as to individuals, with respect to taxation by valuation, neither an individual nor a corporation is compelled to list for taxation shares of such domestic corporations owned by either of them, and if the value of such shares has been included in the valuation of the capital stock of a trust company it is entitled to have such value deducted in determining the actual value of such stock for the purpose of taxation.' * * * The case was decided upon the theory that double taxation and taxation which is discriminatory and violative of the constitutional rule of uniformity are to be condemned. It is probably true that contrary holdings upon the same facts may be found in other states, but the law expressed in the case cited is the law of Nebraska, and is to be applied in the case at bar." The discrimination between banks and other corporations becomes apparent when we see, from a review of the statute itself and the above cases, what the legislative purpose was in allowing the deduction. At no point do appellees point out how or why allowing business corporations the domestic corporation stock deduction and denying it to banks can be reasonably calculated to achieve a uniform result. The reason

for allowing general business corporations the deductions in section 77-706, R. R. S. 1943, is to avoid taxing the property twice. At no point do appellees point out a difference between banks and other corporations which justifies imposing a double tax effect on the stockholders of one and not on the stockholders of the other.

For the reasons given, we hold that section 77-709, R. R. S. 1943, insofar as it purports to deny a deduction to banks for tax purposes of the actual value of the shares of stock of other Nebraska corporations, domestic or domesticated, owned by the corporation, as provided by section 77-706, R. R. S. 1943, violates the rule of uniformity as to class required by Article VIII, section 1, of the Constitution of Nebraska, and to that extent is unenforceable. The order of the district court sustaining the demurrers and dismissing the petition is reversed and the cause remanded for further proceedings in conformity with the opinion herein.

REVERSED AND REMANDED.