STATE OF NEBRASKA EX REL. CLARENCE A. H. MEYER,
ATTORNEY GENERAL, RELATOR, V. MURRELL B. MCNEIL,
TAX COMMISSIONER, RESPONDENT.

177 N. W. 2d 596

Filed May 28, 1970.   No. 37565.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for relator.

Cobb, Swartz & Wieland, for respondent.

Heard before CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ. and RONIN, District Judge.

CARTER, J.

This is an original action brought by the State of Nebraska on the relation of Clarence A. H. Meyer, Attorney General, against Murrell B. McNeil, Tax Commissioner, to test the constitutionality of L.B. 1250, Laws 1969, c. 634, p. 2540, enacted by the Eightieth Session of the Legislature and effective on December 25, 1969. The respondent filed his answer and relator thereafter filed a motion for judgment on the pleadings which is hereby presented to the court for determination.

The pertinent part of the act provides: "The values of agricultural income producing machinery and equipment used by any business which is required by law to report taxable income pursuant to the Internal Revenue Code of 1954, and which are required to be assessed by the county assessors for property tax purposes, shall be those values used by the taxpayer in the determination of taxable income; * * * and provided further, that the Tax Commissioner shall establish guidelines as to the minimum values in relation to the cost of the machinery or equipment."

It is the contention of the relator that the act violates the Nebraska Constitution in that it is violative of the uniformity and proportionate requirements of Article VIII, section 1; that it is special legislation contrary to Article III, section 18; that it unlawfully delegates legislative power to the Congress of the United States; and that it is unconstitutionally vague and uncertain. The respondent denies the contentions of the relator and asserts that the act is in all respects constitutional.

It must be conceded at the outset that the Legislature

has plenary power over taxation except as limited by the Constitution. It is not disputed that the assessment of property for tax purposes must be by valuation and in proportion to actual value. Nor is it disputed, and it cannot properly be, that the taxation of property must be uniform, not only as to the rate of taxation, but to the valuation of the property as well. This court has passed on these questions many times and they have become the established law of this state. United States Cold Storage Corp. v. Stolinski, 168 Neb. 513, 96 N. W. 2d 408; Western Union Telegraph Co. v. City of Omaha, 73 Neb. 527, 103 N. W. 84.

It is the province of the Legislature to make a reasonable classification of persons, corporations, and property for purposes of legislation concerning them, but the classification must rest on real differences of situation and circumstances surrounding the members of the class, relevant to the subject of legislation, which render appropriate its enactment. Blauvelt v. Beck, 162 Neb. 576, 76 N. W. 2d 738. But the establishment of two methods of valuation of property in the same class for taxation purposes results in a want of uniformity within the constitutional prohibition of Article VIII, section 1. First Nat. Bank & Trust Co. v. County of Lancaster, 177 Neb. 390, 128 N. W. 2d 820. This presents the question of whether or not "agricultural income producing machinery and equipment used by any business which is required by law to report taxable income pursuant to the Internal Revenue Code," constitutes a reasonable classification for purposes of taxation. Agricultural machinery and equipment are personal property which must be taxed uniformly both as to valuation and rate of tax. There can be no difference in the method of determining valuation or the rate of tax to be imposed unless the separate classification rests on some reason of public policy, some substantial difference of situation or circumstance that would naturally suggest the justice or expediency of diverse legislation with respect to

the objects to be classified. Safeway Stores, Inc. v. Nebraska Liquor Control Commission, 179 Neb. 817, 140 N. W. 2d 668; United States Cold Storage Corp. v. Stolinski, *supra.*

In the questioned statute, the Legislature has sought to make a separate class for taxation purposes for agricultural income-producing machinery and equipment used by any business which is required by law to report taxable income pursuant to the Internal Revenue Code of 1954. This method would provide a different value of personal property specified in the act from that applied to all other tangible property in the same class. § 77-112, R. S. Supp., 1967. In this connection, we point out that the Internal Revenue Code does not purport to determine the value of agricultural income-producing machinery and equipment. Its purpose is to fix an equitable rate of depreciation of personal property used in a trade or business over the estimated useful life of the property rather than have it fall in a single year. Its purpose is not to fix the actual value of the property at any given time, but to amortize depreciation during its life in determining net annual income. The revenue act therefore does not purport to determine actual value of farm machinery and equipment at any given time and is wholly unrelated to actual value for taxation purposes required by the law of this state. Necessarily it cannot support a classification for tax purposes based thereon. See, Homan v. Board of Equalization, 141 Neb. 400, 3 N. W. 2d 650; First Nat. Bank & Trust Co. v. County of Lancaster, *supra;* Grainger Brothers Co. v. Board of Equalization, 180 Neb. 571, 144 N. W. 2d 161.

We necessarily find that the purported classification of property for tax purposes contained in the act does not rest on reasons of public policy, or any substantial difference of situation or circumstance that naturally suggest the justice or expediency of diverse legislation with respect to the objects classified. It is therefore an at-

tempt to create a classification within a classification without any reasonable grounds for so doing other than to secure advantages for those falling within the purview of the act. It is violative of the uniformity provisions of Article VIII, section 1, of the Constitution. It is in effect special legislation in violation of Article III, section 18, of the Constitution. Continental Ins. Co. v. Smrha, 131 Neb. 791, 270 N. W. 122. For the foregoing reasons, L.B. 1250, Laws 1969, c. 634, p. 2540, is unconstitutional and of no force and effect. The motion of relator for judgment on the pleadings is therefore sustained.

JUDGMENT FOR RELATOR.