STATE OF NEBRASKA EX REL. CLARENCE A. H. MEYER, ATTORNEY GENERAL OF THE STATE OF NEBRASKA, APPELLANT, V. WILLIAM E. PETERS, TAX COMMISSIONER OF THE STATE OF NEBRASKA, APPELLEE.

199 N. W. 2d 738

Filed July 28, 1972. No. 38418.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellant.

Crosby, Pansing, Guenzel & Binning and Theodore L. Kessner, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ., and RONIN, District Judge.

CLINTON, J.

This is an action for a declaratory judgment instituted in the name of the State of Nebraska by the Attorney General on the relation of the Attorney General himself against the Tax Commissioner, alleging the unconstitutionality of L.B. 945, 1971 Legislature. It prays for a determination of the unconstitutionality of the act in whole or in part and for a construction of such parts as may be valid. L.B. 945 amends various sections of the property tax laws, but the apparent main purposes of the act are the provisions for equalizing assessments and adjusting levies where a taxing district overlaps county lines. The petitioner alleges the statutory duties of the Tax Commissioner in connection with the administration of the revenue laws of the State and alleges that he will implement the act by regulation and enforcement unless the act or portions of the act are declared unconstitutional.

The Tax Commissioner entered an appearance and demurred to the petition on the following grounds: (1) The court has no jurisdiction of the subject matter of the relator's alleged cause of action. (2) The relator lacks legal capacity to maintain the action. (3) The amended petition of the relator does not state facts sufficient to constitute a cause of action. The district court sustained the demurrer, the Attorney General elected to stand on his amended petition, and the court

dismissed the action. The Attorney General then perfected this appeal.

The principal issues argued here are the authority of the Attorney General to sue on his own relation and whether or not there exists a present controversy and justiciable issue within the meaning of the Declaratory Judgments Act. For reasons we hereafter set forth we determine these issues favorably to the Attorney General. We must, however, examine the issues of constitutionality (which are briefed only by the Attorney General), since if the act is in whole patently and clearly constitutional then no cause of action is stated. We determine that certain sections of the act are clearly unconstitutional, certain sections are clearly constitutional, and some are of doubtful constitutionality, concerning which the taking of evidence may be necessary. Accordingly we reverse the order of dismissal and remand the cause for trial.

This court long ago laid down the principles which we believe are determinative of the authority of the Attorney General to bring an action such as this. In the case of State ex rel. Sorensen v. State Board of Equalization & Assessment, 123 Neb. 259, 242 N. W. 609, the Attorney General was held to have authority to invoke the jurisdiction of this court by writ of error to the State Board of Equalization and Assessment. In that case the statute gave the right of appeal only to "any person, county, or municipality affected thereby." The court cited the early Nebraska case of State v. Pacific Express Co., 80 Neb. 823, 115 N. W. 619, in which the Attorney General was held to be authorized to bring an action in the name of the state to enjoin the defendant from charging illegal and unauthorized rates. The court in this latter case quoted an early New Jersey case as follows: " 'In equity, as in the law court, the attorney general has the right, in cases where the property of the sovereign or the interests of the public are directly concerned, to institute suit, by

what may be called civil information, for their protection. The state is not left without redress in its own courts because no private citizen chooses to encounter the difficulty of defending it, but has appointed this high public officer, on whom it has cast the responsibility and to whom, therefore, it has given the right of appearing in its behalf and invoking the judgment of the courts on such questions of public moment.'" The court in State ex rel. Sorensen v. State Board of Equalization & Assessment, *supra,* further said: "By the great weight of authority, it is now held that the attorney general is clothed and charged with all the common-law powers and duties except in so far as they have been limited by statute. The duties of his office are so numerous and varied that it has not been the policy of different state legislatures to enumerate them. As the chief law officer of the state, he may, in the absence of some express legislative restriction to the contrary, exercise all such power and authority as public interests may from time to time require." See, also, 7 Am. Jur. 2d, Attorney General, §§ 6, 11, 12, 13, pp. 6, 14-16; 7 C. J. S., Attorney General, § 8, p. 1226.

In State ex rel. Landis v. S. H. Kress & Co., 115 Fla. 189, 155 S. 823, the Supreme Court of Florida held that the rule that a person not affected by a statute cannot challenge its constitutionality did not apply to the Attorney General who was acting in the public interest. That seems applicable here.

It is argued by the appellee that the Attorney General has no standing because every action must be maintained by the real party in interest. § 25-301, R. R. S. 1943. In the present action the Attorney General brings this action in the name of the State in the public interest. See 7 Am. Jur. 2d, Attorney General, § 6, p. 6. Among the exceptions to the provision of section 25-301, R. R. S. 1943, are those provided by section 25-304, R. R. S. 1943, and include the following: "Officers may sue . . . in such name as is authorized by law, . . ."

This is an action "authorized by law" just as much as was the case in State ex rel. Sorensen v. State Board of Equalization & Assessment, *supra*. See, also, State v. Odd Fellows Hall Assn., 123 Neb. 440, 243 N. W. 616, where it was held that the Tax Commissioner in the name of the state could appeal from an order of a county board of equalization to the district court and from an adverse ruling therein to this court. Actions, such as this, by the Attorney General have the sanction of past practice. State ex rel. Meyer v. McNeil, 185 Neb. 586, 177 N. W. 2d 596.

Is there a justiciable issue in the present controversy? In the context of the allegations of the amended petition we find there is. The Tax Commissioner is charged by the Constitution and the statutes of the state with administering its revenue laws. Art. IV, § 28, Constitution of Nebraska; § 77-303, R. R. S. 1943; State v. Odd Fellows Hall Assn., *supra*. The petition alleges that, absent a declaration of unconstitutionality, the Tax Commissioner will implement the act by enforcement and the adoption of regulations. The Attorney General has taken an oath to uphold the Constitution of the State of Nebraska. Art. XV, § 1, Constitution of Nebraska. The Attorney General here acts on behalf and in the name of the state and hence on behalf of the general public. All this constitutes in our judgment a sufficient justiciable issue and present controversy within the meaning of the Declaratory Judgments Act. The act is remedial and is to be liberally construed. § 25-21,160, R. R. S. 1943.

L.B. 945 makes several unrelated changes in the property tax laws. These are contained in sections 1, 2, and 3. Sections 4 to 11 of the act constitute completely new and separate legislation directed toward solving the difficult problem of intercounty equalization where a taxing district overlaps two or more counties. Sections 1, 2, and 3 are not related or interdependent in any way and sections 4 to 11 have no essential rela-

tionship to sections 1, 2, or 3. All the sections have in common is that they relate to property taxation.

Section 1 amends section 77-112, R. S. Supp., 1969. It recites some of the factors to be considered in the determination of actual value of property for taxation. The amendment affects factor (4) which now reads, "reproduction costs less *regular annual* depreciation." The amendment adds the words *"regular annual."* The Attorney General states a portion of his contention with reference to this amendment in the following language· "We are, frankly, at a loss to know exactly what is meant by 'regular annual' depreciation, as applied to reproduction cost. We presume that this section, before its amendment, meant that in determining actual value of property the assessor could, among other things, take into account what it would now cost to reproduce the property, taking into account the fact that the reproduced property would be new, and that the actual property was used, and therefore should be depreciated. But what is 'regular annual' depreciation? Depreciation for federal income tax purposes is based on the cost basis of the property, not on reproduction cost. Are we to deduct depreciation based upon the particular taxpayer's cost basis from the reproduction cost, or are we to find the reproduction cost, and base the depreciation on that cost, and deduct a certain percentage each year? The statute does not say. Furthermore, the reproduction cost for the same property may vary from year to year, as prices and labor costs fluctuate. If we base the depreciation on the reproduction cost, instead of the acquisition cost, it, too, will vary from year to year. We are simply unable to ascertain what the Legislature intended by this amendment." His contentions are well taken.

If the provision as amended is construed to authorize the use of the depreciation used by the taxpayer for federal income tax purposes then several problems are encountered. Depreciation for income tax purposes is applied to the taxpayer basis in that property. This

may or may not be the "value" of the property under Article VIII, section 1, Constitution of Nebraska. Further, as so construed the amendment would violate the uniformity provisions of the same section. In addition, authorized methods of taking depreciation for income tax purposes vary from taxpayer to taxpayer. This too would violate the uniformity provision. Section 1 of L.B. 945 is in our opinion clearly unconstitutional as being in violation of Article VIII, section 1, Constitution of Nebraska.

Section 2 of L. B. 945 amends section 77-202, R. S. Supp., 1969. That section exempts certain classes of personal property including household goods from taxation. Subsection (d) adds the emphasized words so it now reads: "Household goods, *including major appliances either attached or detached to real property,* and personal effects when such property is not owned or used for financial gain or profit to either the owner or user." Article VIII, section 2, Constitution of Nebraska, provides in part as follows: "Household goods and personal effects, as defined by law, may be exempted from taxation in whole or in part, as may be provided by general law, and the Legislature may prescribe a formula for the determination of value of household goods and personal effects." The key question here is the intention of the amenders of the Constitution as they relate to the words "as defined by law." Is the power of definition given to the Legislature? Or did the framers of the amendment intend to adopt the common law concepts relating to fixtures? See § 77-103, R. R. S. 1943. The answer is not immediately apparent. This is a matter on which the court should have the benefit of briefs by both sides. The introduction of evidence on the issue might be pertinent.

Section 3 of L.B. 945 amends section 77-203, R. S. Supp., 1969, by making real property taxes due and payable December 31, next following the date of the

levy, instead of January 1. Clearly this provision creates no constitutional problem.

As already noted, sections 4 to 11 constitute completely new and independent legislation pertaining to the complex problem hereinbefore noted. The constitutionality of these sections is attacked on several grounds. The answers are not readily apparent and again the court should have the aid of briefs by both parties. Evidence may be pertinent and helpful.

The Attorney General attacks the constitutionality of the act because it contains more than one subject contrary to the provisions of Article III, section 14, Constitution of Nebraska. The act contains a severability clause. It appears to us that sections 1, 2, and 3, and sections 4 to 11 are not interdependent and none are the inducement of the passage of the other. We reject the constitutional attack based on Article III, section 14.

The order of dismissal by the trial court is reversed and the cause remanded to the district court for further action in accordance with this opinon.

REVERSED AND REMANDED WITH DIRECTIONS.