REQUESTED BY: Dear Senator:
In your letter of May 20, 1977, you ask whether LB 131, as it stands on final reading, is constitutionally suspect because it contains two subject matters. We conclude that the bill could probably be sustained against constitutional attack on that ground.
The title to the bill provides that it is a bill:
 "FOR AN ACT relating to taxation; to require reappraisal of all land and improvements as prescribed; to provide penalties for noncompliance; to limit budget increases except as prescribed; to provide severability; and to declare an emergency."
Sections 1 to 6 of the bill contain provisions relating to the revaluation of lands and improvements in all counties of the state, and provide penalties for noncompliance Sections 7 and 8 limit the amount by which the various political subdivisions levying taxes shall adjust their budgets in any one year, and provide for public hearings in the event the governing body of such a subdivision deems it necessary to exceed the limits prescribed. While limitations on budgets of political subdivisions is not a subject dealing directly with taxes, the size of such budgets does, of course, directly affect the mill levies necessary to raise the budgets in question, and is, we believe, properly included in legislation dealing with taxation.
Assuming that both parts of this bill deal with taxation, are they so unrelated as to constitute more than one subject matter, in violation of Article III, Section 14, of the Nebraska Constitution? This section provides in part:
 ". . . No bill shall contain more than one subject, and the same shall be clearly expressed in the title. . . ."
Our court has, from time to time, held that matters in bills have not been covered by the title, but only very rarely, and not for many years, has our court held a bill invalid because it contained more than one subject, if all of the matters contained in the bill were covered in the title. Our court has given a very liberal construction to the provision, holding that the title need only call attention to the subject matter, and need not be a synopsis of the bill. In Beisner v. Cochran, 138 Neb. 445, 293 N.W. 289
(1940), in a syllabus by the court, we find:
 "If an act has but one general object, no matter how broad that object may be, and contains no matter not germane thereto, and the title fairly expresses he subject of the bill, it does not violate section 14, art. III of the Constitution, providing that no bill shall contain more than one subject and the same shall be clearly expressed in the title."
The title to the bill in question states that it deals with taxation. Very broadly, all of the provisions of LB 131 deal with taxation, and are covered by this blanket. Under these circumstances, we do not believe that our court would strike down this bill on that basis.
We must also call your attention to State ex rel.Meyer v. Peters, 188 Neb. 817, 199 N.W.2d 738 (1972). In that case this office attacked a bill on the basis, among others, that it contained more than one subject. The court had this to say with respect to our attack:
 "The Attorney General attacks the constitutionality of the act because it contains more than one subject contrary to the provisions of Article III, section 14, Constitution of Nebraska. The act contains a severability clause. It appears to us that sections 1, 2, and 3, and sections 4 to 11 are not interdependent and none are the inducement of the passage of the other. We reject the constitutional attack based on Article III, section 14."
While we have never been able to understand the reasoning of the court in this respect, it appears to have said that a severability clause will insulate a bill from attack on grounds that it contains more than one subject. If that is the law, it appears to be applicable to LB 131, which also contains a severability clause. We therefore feel that, on the basis of the approach our Supreme Court has taken to this constitutional provision in the past, it would probably hold that this bill does not violate this constitutional provision.
You have written a second letter to us, asking whether we would defend this bill in court, in the event we concluded that it was constitutionally suspect.
In view of the fact that we have not reached that conclusion, it will not be necessary to consider the question you ask in your second letter.