XEROX CORPORATION, APPELLANT AND CROSS-APPELLEE, v. DONNA KARNES, TAX COMMISSIONER OF THE STATE OF NEBRASKA, ET AL., APPELLEES AND CROSS-APPELLANTS.

350 N.W.2d 566

Filed June 22, 1984. No. 83-781.

John K. Boyer and Amy S. Bones of Fraser, Stryker, Veach, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

Xerox Corporation (Xerox) brought this action for

a declaratory judgment to determine the constitutionality of Neb. Rev. Stat. § 77-1301 (Reissue 1981) and its interpretation by the Tax Commissioner and the Nebraska Department of Revenue. Prior to its amendment in 1980, the statute provided for annual assessment of all real and personal property. The 1980 amendment provides for valuation in odd-numbered years only. Section 77-1301(1) now provides:

> All real and personal property in this state subject to taxation shall be valued as of January 1 at 12:01 a.m. of 1981 and every odd-numbered year thereafter, *which valuation shall be used as a basis of assessment and taxation until the next regular valuation.*

(Emphasis supplied.)

Xerox manufactures, markets, and leases various types of business and medical diagnostic equipment. It owns and maintains such leased equipment in 61 counties within Nebraska. Pursuant to the terms of the leases, Xerox is obligated to pay the applicable personal property taxes on the leased equipment. The evidence shows that this equipment depreciates annually because of physical deterioration and obsolescence.

The Tax Commissioner and the Department of Revenue interpret and construe § 77-1301 as amended to mean that a change in value of personal property due to depreciation cannot be recognized in an even-numbered year. They rely upon an opinion of the Attorney General that in even-numbered years additional increments of depreciation may not be considered when valuing personal property for tax purposes.

The district court found that a declaratory judgment action was a proper remedy but that Xerox failed to show that the interpretation given § 77-1301 was unconstitutional. Xerox has appealed.

The defendants contend that an action for declaratory judgment did not lie and the action should

have been dismissed. The defendants argue that Xerox had an adequate statutory remedy in Neb. Rev. Stat. § 77-1503 (Reissue 1981). See *Zarybnicky v. County of Gage,* 196 Neb. 210, 241 N.W.2d 834 (1976).

Section 77-1503 provides that a taxpayer who claims that the assessment of his property is excessive may have the assessment reviewed by the county board of equalization. In support of this argument the defendants cite *Riha Farms, Inc. v. Dvorak,* 212 Neb. 391, 322 N.W.2d 801 (1982). In that case we said at 393, 322 N.W.2d at 803:

> This court has consistently held that relief from the overassessment of property for tax purposes is by appeal to the District Court from the order of the county board of equalization fixing the assessed value of the property, and that the remedy thus given is full, adequate, and exclusive. The claim that property is assessed too high for taxation purposes cannot be made in the first instance by direct application to any other body or by a collateral attack in law or equity in the event of failure to bring the matter before the county board of equalization and to appeal therefrom in case of an adverse determination. A collateral attack may be made upon an assessment of property for tax purposes only if the assessment, or some part thereof, is wholly void. See, *Jones v. Valley County Board of Equalization,* 208 Neb. 559, 304 N.W.2d 396 (1981); *Scudder v. County of Buffalo,* 170 Neb. 293, 102 N.W.2d 447 (1960); *Gamboni v. County of Otoe,* 159 Neb. 417, 67 N.W.2d 489 (1954).

This rule is inapplicable to the present case. The issue in this case is not the actual value of any particular item or items of equipment. The issue is whether actual value may be determined only at 2-year intervals, so that the lessor is liable to taxation in even-numbered years upon a value which may be purely artificial due to physical deteriora-

tion and obsolescence that has occurred but which the defendants say may not be recognized.

The clear language of § 77-1301, and the interpretation given it by the defendants, prohibits a taxpayer from obtaining a change in his property value during even-numbered years. The statute provides that the "valuation [made in every odd-numbered year] *shall* be used as a basis of assessment and taxation until the next regular valuation." (Emphasis supplied.) In *Pelzer v. City of Bellevue*, 198 Neb. 19, 24, 251 N.W.2d 662, 665 (1977), we stated:

> "As a general rule, in the construction of statutes, the word 'shall' is considered as mandatory and it is particularly so considered when the statute is addressed to public officials." State ex rel. Smith v. Nebraska Liquor Control Commission, 152 Neb. 676, 42 N.W.2d 297 (1950). See, also, Trobough v. State, 120 Neb. 453, 233 N.W. 452 (1930). Generally, the word "shall" appearing in a statute implies that whatever "shall" be done is mandatory. Minden Beef Co. v. Cost of Living Council, 362 F. Supp. 298 (D.C. Neb., 1973). See, also, Thomas v. Sternhagen, 178 Neb. 578, 134 N.W.2d 237 (1965).

An action for a declaratory judgment is an appropriate remedy to determine the validity, construction, or interpretation of a statute. *Armstrong v. Board of Supervisors*, 153 Neb. 858, 46 N.W.2d 602 (1951).

The statute precluded any meaningful review by the county board of equalization during an even-numbered year because it provides that the value must remain the same for a 2-year period. There was not an adequate statutory remedy available to Xerox. It would have necessitated litigation in 61 counties. An action for a declaratory judgment was a proper remedy in this case.

The principal issue to be determined is whether the statute as interpreted is unconstitutional. Xerox argues that the interpretation given § 77-1301 by the

defendants, which requires property values to remain unchanged for 2 years and prohibits consideration in even-numbered years of actual depreciation when valuing personal property for tax purposes, violates the Nebraska Constitution. Xerox contends that since its leased equipment depreciates on an *annual* basis, the property is valued in excess of its actual value in those years in which the value cannot be reduced by an amount reflecting depreciation.

Article VIII, § 1, of the Nebraska Constitution provides that "[t]he necessary revenue of the state and its governmental subdivisions shall be raised by taxation in such manner as the Legislature may direct. Taxes shall be levied by valuation uniformly and proportionately upon all tangible property . . . ." In *State ex rel. Meyer v. Peters*, 191 Neb. 330, 338, 215 N.W.2d 520, 526 (1974), we said, "Under the provisions of Article VIII, section 1, of the Constitution of Nebraska, the taxation of personal property . . . must be uniform not only as to the rate of taxation, but as to the valuation of the property as well."

The uniform method for valuing property for tax purposes which the Legislature has provided is to tax property at its "actual value." Neb. Rev. Stat. § 77-201 (Reissue 1981). "Actual value" is defined in Neb. Rev. Stat. § 77-112 (Reissue 1981):

Actual value of property for taxation shall mean and include the value of property for taxation that is ascertained by using the following formula where applicable: (1) Earning capacity of the property; (2) relative location; (3) desirability and functional use; (4) reproduction cost less depreciation; (5) comparison with other properties of known or recognized value; (6) market value in the ordinary course of trade; and (7) existing zoning of the property.

In *Richards v. Board of Equalization*, 178 Neb. 537, 540, 134 N.W.2d 56, 58 (1965), we stated: "For purposes of taxation, the terms actual value, market value, and fair market value mean exactly the same

thing. Many elements enter into a determination of actual value, some of which are set out in the statute." In that case we held that the actual value of property for taxation purposes is to be determined by using the applicable elements of actual value, including those specified in the statute.

In the present case the effect of the statute and the interpretation given it by the defendants is that in even-numbered years no change may be made in the value of personal property subject to taxation. Thus, such property is subject to a tax levy in even-numbered years without any determination of its actual value for that year. In *State ex rel. Meyer v. McNeil*, 185 Neb. 586, 177 N.W.2d 596 (1970), we determined the constitutionality of a statute which provided a different method of valuing certain types of property than the actual value standard embodied in § 77-112. We held that the statute "does not purport to determine actual value of farm machinery and equipment at any given time and is wholly unrelated to actual value for taxation purposes required by the law of this state. . . . It is violative of the uniformity provisions of Article VIII, section 1, of the Constitution." *Id.* at 589-90, 177 N.W.2d at 599.

We conclude that § 77-1301(1) is violative of Neb. Const. art. VIII, § 1, in that it directs that taxes be levied upon personal property in even-numbered years without regard to the uniform method of valuing property at actual value as provided in § 77-201 and as that statute has been interpreted by this court.

It is unnecessary to consider the other assignments of error.

The judgment of the district court is reversed and the cause remanded with directions to enter a judgment in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.