XEROX CORPORATION, APPELLANT, V. DONNA KARNES, TAX
COMMISSIONER OF THE STATE OF NEBRASKA, ET AL., APPELLEES.
380 N.W.2d 277

Filed January 24, 1986.    No. 84-850.

John K. Boyer and Amy S. Bones of Fraser, Stryker, Veach, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellant.

A. Eugene Crump, Deputy Attorney General, and John Boehm, for appellees.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

This was an action by Xerox Corporation for a declaratory judgment to determine the constitutionality of the 1980 amendment to Neb. Rev. Stat. § 77-1301 (Reissue 1981). The section as amended provided that real and personal property should be valued for taxation only in odd-numbered years. The plaintiff's specific complaint was that its property depreciated annually and if depreciation would not be recognized in even-numbered years its property would be overvalued for that year.

We held that an action for a declaratory judgment was a proper remedy to determine the constitutionality of the statute and that the statute as amended violated Neb. Const. art. VIII, § 1, because it made no provision for a determination of the

actual value of property subject to taxation in even-numbered years. The judgment of the district court was reversed and the cause remanded with directions to enter a judgment in conformity with the opinion. *Xerox Corp. v. Karnes*, 217 Neb. 728, 350 N.W.2d 566 (1984).

Upon remand the district court entered a judgment upon the mandate which conformed to our opinion. The plaintiff, Xerox Corporation, contending that the taxes levied on property in excess of its actual value were void, proposed that a judgment be entered declaring that "taxes levied upon personal property, pursuant to Neb. Rev. Stat. § 77-1301(1), in excess of actual value, and without regard to the uniform method of valuing property as provided in Neb. Rev. Stat. § 77-201, are void and unenforceable." When the trial court refused to include that language in the judgment, the plaintiff appealed. The record in this court consists only of the transcript.

Apparently, it was the theory of the plaintiff that a determination that the 1980 amendment to § 77-1301 was unconstitutional would entitle it, under Neb. Rev. Stat. § 77-1736.04 (Reissue 1981), to a partial refund of the taxes levied upon its property in 1982. Although the petition did not pray for such relief, and none of the subdivisions in which its property was located were parties to the action, its briefs requested a declaratory judgment including a provision "directing all appropriate taxing jurisdictions to refund that portion of property taxes paid which were based upon those increments of value in excess of Xerox Corporation's actual value as returned by it for 1982." This latter relief was not available to the plaintiff in this action.

While it is true that property is to be valued at its actual value for purposes of taxation, and taxes are to be levied by valuation uniformly and proportionately upon all tangible property, it does not follow that taxes levied upon property in excess of its actual value are void and unenforceable. In fact, the rule in this state is to the contrary.

This matter was discussed in *Power v. Jones*, 126 Neb. 529, 532-33, 253 N.W. 867, 868 (1934), in which this court said:

"When the tax is void, either because the person assessed was not subject to taxation, or because it was

assessed for an unlawful purpose, or without compliance with provisions of law imposed, it can be recovered back or treated as void in proceedings to enforce payment of tax." *Moffitt v. Reed*, 124 Neb. 410.

If a tax or assessment is levied without authority of law, it is, of course, void. This sometimes arises when the levy is made without a compliance with the jurisdictional requirements. It might also arise when there was no tax which the plaintiff was in equity bound to pay; as, for instance, where a city attempted to levy taxes upon property outside of its boundaries. If a tax is absolutely void, the taxpayer may, if not guilty of laches, invoke the aid of the court to protect his rights. *Touzalin v. City of Omaha*, 25 Neb. 817; *Rothwell v. Knox County*, 62 Neb. 50; *Wiese v. City of South Omaha*, 85 Neb. 844; *Hemple v. City of Hastings*, 79 Neb. 723.

I have been unable to find a decision in Nebraska holding that if an assessment was too high the tax would be absolutely void. In cases where property is assessed at a higher proportion of its actual value than other property similarly located, the taxpayer should first apply to the board of equalization to correct any errors therein. This appears to be a prerequisite to bringing legal action. *Medland v. Connell*, 57 Neb. 10; *Western Union Telegraph Co. v. Douglas County*, 76 Neb. 666; *Hahn System v. Stroud*, 109 Neb. 181; *Philadelphia Mortgage & Trust Co. v. City of Omaha*, 65 Neb. 93; *Schmidt v. Saline County*, 122 Neb. 56; *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441, 28 A.L.R. 979; *Meridian Highway Bridge Co. v. Cedar County*, 117 Neb. 214.

The rule has been restated in many other cases. In *Gamboni v. County of Otoe*, 159 Neb. 417, 436, 67 N.W.2d 489, 502 (1954), this court said: "Assessments on property are not void merely because some properties are assessed higher than others. That fact, when properly presented and established, is basis for adjustment by the tribunal having authority for that purpose."

In *S. S. Kresge Co. v. Jensen*, 164 Neb. 833, 841, 83 N.W.2d 569, 575 (1957), the distinction between the rule in Oklahoma and the rule in Nebraska was explained as follows:

The company relies on Webb & Jones v. Renfrew, 7 Okl. 198, 54 P. 448. This case appears to sustain the position taken by the appellant. We do not concur in the views expressed therein. An assessed valuation over and above actual value appears to be violative of the Oklahoma Constitution and is construed as being void as to the excess. In this state, overvaluation is an irregularity only which must be appealed to the courts if relief is desired, except where it involves a void, a willfully discriminatory, or a fraudulent assessment in which event a collateral attack may properly be made.

In *Scudder v. County of Buffalo*, 170 Neb. 293, 295, 102 N.W.2d 447, 449 (1960), we said: "An overassessment is an erroneous assessment but not a void one. Boettcher v. County of Holt, 163 Neb. 231, 79 N.W.2d 183."

In *Riha Farms, Inc. v. Dvorak*, 212 Neb. 391, 322 N.W.2d 801 (1982), quoted from in *Xerox Corp. v. Karnes*, 217 Neb. 728, 350 N.W.2d 566 (1984), we held that the exclusive remedy for relief from the overassessment of property for tax purposes is by appeal to the district court from the order of the county board of equalization fixing the assessed value of the property. The only remedy which would provide the plaintiff with direct relief from the overvaluation of its property was before the county boards of equalization. The plaintiff may have recognized this phase of its problems when, at page 7 of its petition, it alleged:

Further, if Plaintiff is required to file returns not providing for depreciation, it may be required to file protests in each county with the respective boards of equalization, and appeal all adverse decisions to the respective District Courts in order to preserve the right to individual county tax refunds in each county and taxing subdistrict.

*Gates v. Howell*, 204 Neb. 256, 282 N.W.2d 22 (1979), *appeal after remand* 211 Neb. 85, 317 N.W.2d 772 (1982), cited by the plaintiff, does not support its contention in this case. The *Gates* case involved the validity of a statute which attempted to classify a mobile home as a motor vehicle so that a mobile home would be subject to the special tax applicable to motor vehicles

rather than the general property tax applicable to real estate and personal property. Valuation of property was not an issue in that case.

The first opinion in the *Gates* case determined that the statute was invalid and reversed the judgment of the district court with directions to enter a judgment in accordance with the opinion. Upon remand the appellants attempted to obtain additional relief through the judgment on the mandate. The trial court refused to grant the additional relief requested and entered a judgment in accordance with the mandate. On the second appeal that judgment was affirmed.

In this case, as in the *Gates* case, the district court had no discretion as to the judgment which could be entered on the mandate. When a cause is remanded with specific directions, the court to which the mandate is directed has no power to do anything but to obey the mandate. The order of the appellate court is conclusive on the parties, and no judgment or order different from, or in addition to, that directed by the appellate court can be entered by the trial court. *Gates v. Howell, supra.*

The judgment on the mandate entered by the district court in this case conformed to the opinion and mandate of this court, and it is affirmed.

AFFIRMED.