PAUL S. BESHORE, APPELLANT, V. JEAN SIDWELL, TREASURER OF
BUFFALO COUNTY, NEBRASKA, APPELLEE.
GRENOBLE PARTNERSHIP, A SOUTH DAKOTA LIMITED
PARTNERSHIP, APPELLANT, V. JEAN SIDWELL, TREASURER OF
BUFFALO COUNTY, NEBRASKA, APPELLEE.

384 N.W.2d 290

Filed April 4, 1986.   Nos. 85-084, 85-085.

Patrick J. Nelson of Jacobsen, Orr & Nelson, P.C., for appellants.

Gerald R. Jorgensen, Deputy Buffalo County Attorney, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

In this appeal we are presented with two cases which have been consolidated for argument before this court. The relevant facts and legal principles applicable thereto in each case are identical. Both appellants, one an individual, the other a limited partnership, brought suit in the district court for Buffalo County, Nebraska, alleging that they had paid property taxes within the 2 years preceding the filing of their respective actions

in Buffalo County, Nebraska. The appellants also each alleged that, by reason of this court's decision in *Kearney Convention Center v. Board of Equal.*, 216 Neb. 292, 344 N.W.2d 620 (1984), a portion of the total tax paid was invalid and that, therefore, each appellant is entitled to a refund in such amount as would be determined by the district court. Appellants further alleged that a portion of the tax was invalid for all of the reasons more particularly raised in the case of *Kearney Convention Center v. Board of Equal., supra*, and ruled upon by us in that case.

Subsequently, the district court for Buffalo County, Nebraska, sustained a demurrer filed by appellee. While we may disagree with the basis upon which the district court sustained the demurrer, we do believe that its conclusion in that regard was correct, and for that reason the judgment of the district court must be affirmed.

As the basis of their appeal, appellants argue that prior to amendment, Neb. Rev. Stat. § 77-1735 (Reissue 1981) provided in pertinent part as follows:

If a person, who claims a tax, or any part thereof, to be invalid for any reason, shall have paid the same to the treasurer, or other proper authority, in all respects as though the same was legal and valid, he may, at any time within two years after such payment, demand the same in writing from the county treasurer to whom paid. If the same shall not be refunded within ninety days thereafter, he may sue such county treasurer for the amount so demanded.

In 1984, following our decision in *Kearney Convention Center v. Board of Equal., supra*, the Nebraska Legislature amended § 77-1735 (Cum. Supp. 1984) to provide in part, after amendment, as follows:

If a person who claims a tax or any part thereof to be invalid for any reason other than the valuation of the property shall have paid the same to the treasurer or other proper authority in all respects as though the same was legal and valid, he or she may, at any time within thirty days after such payment, demand the same in writing from the county treasurer to whom paid. If the same shall

not be refunded within ninety days thereafter, he or she may sue such county treasurer for the amount so demanded.

See 1984 Neb. Laws, L.B. 835, § 15. The amendment to § 77-1735 became effective on July 10, 1984.

Appellants argue that they had a vested right to make demand within 2 years of payment and, therefore, to have reduced that right to 30 days after payment when the 30 days had already expired would be wholly improper.

While we might agree with appellants in that regard, we never reach that issue. The reason we do not is that the law in Nebraska is clear that, even before the amendment of § 77-1735, appellants could not have maintained the action they brought here. In the case of *Xerox Corp. v. Karnes*, 217 Neb. 728, 350 N.W.2d 566 (1984), we held that a declaratory judgment was a proper remedy to determine the constitutionality of a statute and that Neb. Rev. Stat. § 77-1301(1) (Reissue 1981) was invalid as being contrary to the Nebraska Constitution. We remanded the cause with directions to enter a judgment in conformity with the opinion. Upon remand the district court entered a judgment upon the mandate which conformed to our opinion. Xerox then sought to recover that portion of the taxes paid by it and which it maintained was now invalid by reason of our decision in *Xerox Corp. v. Karnes, supra*. The district court refused to do so, and Xerox again appealed to this court.

In rejecting Xerox's action seeking to have the judgment on the mandate order the return of taxes allegedly paid in excess of those which were due, we said:

> While it is true that property is to be valued at its actual value for purposes of taxation, and taxes are to be levied by valuation uniformly and proportionately upon all tangible property, it does not follow that taxes levied upon property in excess of its actual value are void and unenforceable. In fact, the rule in this state is to the contrary.

*Xerox Corp. v. Karnes*, 221 Neb. 691, 692, 380 N.W.2d 277, 278 (1986).

We then proceeded to quote from *Power v. Jones*, 126 Neb.

529, 532-33, 253 N.W. 867, 868 (1934), wherein we said:

"When the tax is void, either because the person assessed was not subject to taxation, or because it was assessed for an unlawful purpose, or without compliance with provisions of law imposed, it can be recovered back or treated as void in proceedings to enforce payment of tax." [Citation omitted.]

. . . .

. . . In cases where property is assessed at a higher proportion of its actual value than other property similarly located, the taxpayer should first apply to the board of equalization to correct any errors therein. This appears to be a prerequisite to bringing legal action.

In *Riha Farms, Inc. v. Dvorak*, 212 Neb. 391, 322 N.W.2d 801 (1982), we held that the exclusive remedy for relief from the overassessment of property for tax purposes is by appeal to the district court from the order of the county board of equalization fixing the assessed value of the property. Specifically, in *Riha, supra* at 393, 322 N.W.2d at 803:

The claim that property is assessed too high for taxation purposes cannot be made in the first instance by direct application to any other body or by a collateral attack in law or equity in the event of failure to bring the matter before the county board of equalization and to appeal therefrom in case of an adverse determination. A collateral attack may be made upon an assessment of property for tax purposes only if the assessment, or some part thereof, is wholly void.

Neither the amount of the assessment in *Xerox Corp. v. Karnes*, 221 Neb. 691, 380 N.W.2d 277 (1986), or in *Kearney Convention Center v. Board of Equal.*, 216 Neb. 292, 344 N.W.2d 620 (1984), was determined by this court to be wholly void. For that reason appellants' only avenue of relief was to have appealed the assessments, in the first instance, to the county board of equalization and, thereafter, to the district court if no relief was obtained from the county board of equalization. Since appellants here failed to do so, the district court was without jurisdiction.

Until the board of equalization determines that the

assessments in this case were excessive and determines what the correct valuation should be, the district court is without jurisdiction. Under § 77-1735 the taxpayer must be in a position to make demand upon the county treasurer for a specific amount claimed to have been paid improperly, and not for such amount as the county treasurer, in the first instance, and the district court, on appeal, might determine, because the county treasurer has no authority to reassess the property and reduce the taxes. In this case the appellants imposed upon the district court the obligation of determining what the correct value should be. That authority, however, initially vested in the county board of equalization. Since appellants failed to ask for such relief before the county board, the district court was without jurisdiction to grant it through a collateral proceeding.

This lack of jurisdiction, however, is not by reason of the language of § 77-1735, either before its amendment or after, but, rather, by the declarations of this court as to the proper procedure to follow in seeking relief for property assessed in excess of the manner prescribed by statute.

Appellants argue to us that the Legislature would not have amended § 77-1735 unless it believed that such amendment was necessary to preclude claims for refund being made. Such argument must be rejected. As we have already said, even before § 77-1735 was amended to specially preclude an action such as the one brought here, such an action could not be maintained. The amendment to § 77-1735 merely made clear by statute what was already the law. The fact that the Legislature may have believed that such amendment was necessary does not change the law nor permit such action to be brought directly in the district court. The decision of the district court in sustaining the demurrer was correct. The judgment is affirmed.

AFFIRMED.